# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

**SARAH ODION ESENE,**

      **Plaintiff**

v.                                                       CA. NO. 20-11869

**MIDWEST RECOVERY SYSTEMS, LLC,**

      **Defendant**

## COMPLAINT

### INTRODUCTION

This is an action for actual, statutory and multiple damages, costs and attorney's fees brought by the plaintiff, Sarah Odion Esene for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *et seq.*; Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq.*; the Massachusetts debt collection statute, M.G.L. c. 93, §49; the Massachusetts Attorney General's debt collection regulations, 940 C.M.R. 7:00 *et seq.*; the Massachusetts Banking Commissioner's regulations, 209 C.M.R. 18.00, and M.G.L. c. 93A.

### JURISDICTION

1. The jurisdiction of this Court is conferred by 15 U.S.C. §1692k(d), 15 U.S.C. §1681q and 28 U.S.C. §1331 with supplemental jurisdiction pursuant to 28 U.S.C. §1367. Venue is proper as all relevant events occurred in this District.

### PARTIES

2. Plaintiff, Sarah Odion Esene, is a natural person and was a resident of the State of Massachusetts at all relevant times.

3. Upon information and belief, Midwest Recovery Systems, LLC ("MRS") is a debt

collection company located in Missouri.

**FACTS**

4. In July 2015, Ms. Odion Esene settled a debt allegedly owed to Cash Store and received a debt satisfaction letter.

5. In April 2020 Ms. Odion Esene received several phone calls from MRS attempting to collect the same debt.

6. Cash Store provided proof that the debt was forwarded to MRS on April 29, 2015, before the debt was satisfied.

7. Ms. Odion Esene wrote to MRS by email attaching the debt satisfaction letter on April 27, 2020 and followed up with numerous phone calls but MRS continued to hold her liable and continued to report the non-existent debt to the credit bureaus.

8. MRS never sent her the disclosures required by the FDCPA.

9. MRS is not licensed as a debt collector in Massachusetts.

10. MRS also continued to pull Ms. Odion Esene's credit report despite having no permissible purpose since there is no debt owing.  Her TransUnion report shows a new account review on April 22, 2020.

11. MRS's adverse inaccurate reporting negatively impacted Ms. Odion Esene's credit and she had to reveal the existence of this collection account to the Bar Overseers in the state of Minnesota where she has applied to be admitted as an attorney.

12. On May 22, 2020 Ms. Odion Esene made a demand upon MRS pursuant to M.G.L. c. 93A, §9.

13. MRS responded by letter stating that it was ceasing collection and deleting the credit reporting but made no further offer of settlement.

14. Ms. Odion Esene has suffered damages as a result of MRS's conduct including but not

limited to, reduction in her credit score, being subjected to collection activity on a debt she did not owe, violation of her privacy, frustration, stress, and costs and attorney's fees expended in enforcing her claims.

## COUNT ONE: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq.*

15. Plaintiff restates and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

16. MRS is a debt collector pursuant to 15 U.S.C. §1692a.

17. The alleged debt at issue is a consumer debt pursuant to 15 U.S.C. §1692a.

18. As detailed above, MRS has violated 15 U.S.C. §1692e by using false, deceptive, or misleading means to collect a debt.

19. MRS has violated 15 U.S.C. §1692e(8) by communicating credit information to one or more bureaus which was known or should have been known to be false.

20. MRS has violated 15 U.S.C. §1692g by failing to send Plaintiff the required validation notice.

21. As a result of the above violations of the FDCPA, MRS is liable to Plaintiff in the sum of her actual damages, statutory damages, costs and attorney's fees.

## COUNT TWO: VIOLATION OF M.G.L. c. 93A

22. Plaintiff restates and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

23. MRS committed a *per se* violation of M.G.L. c. 93A by violating the FDCPA.

24. As detailed above, MRS has violated M.G.L. c. 93, §§24-28 and the Banking Commissioner's regulations promulgated thereunder (209 C.M.R. 18.00 et seq.).

25. As detailed above, MRS has violated M.G.L. c. 93, §49 by collecting a debt in an

unfair, deceptive or unreasonable manner.

26. These violations constitute violations of M.G.L. c. 93A, §2.

27. These violations occurred in trade or commerce.

28. MRS is a debt collector pursuant to M.G.L. c. 93, §24 and 209 C.M.R. 18.02.

29. MRS violated c. 93, §24A by failing to obtain a license from the Commissioner of Banks to collect debts and failing to post a bond. This violation constitutes a violation of M.G.L. c. 93A.

30. MRS failed to comply with the registration requirements of 209 C.M.R. 18.00 et seq. before attempting to collect a debt from Ms. Odion Esene. This violation constitutes a violation of M.G.L. c. 93A.

31. The licensing statute provides important protections for Massachusetts consumers. Licensees are required to establish their financial responsibility, demonstrate and maintain a positive net worth, demonstrate that they will operate lawfully, honestly, and fairly, submit recordkeeping and business plans which include written operating procedures for the collection of Massachusetts debts. See M.G.L. c. 93, §24B(a); 209 C.M.R. 18.03(2). Licensees' records are subject to inspections by the Banking Commissioner as well as investigations to determine compliance with Massachusetts laws. M.G.L. c. 93, §24D.

32. As detailed above, MRS has used false, deceptive or misleading representations or means in connection with the collection of a debt in violation of 209 C.M.R. 18.16(2) and (5). These violations constitute a violation of M.G.L. c. 93A.

33. The conduct of MRS was willful or knowing within the meaning of M.G.L. c. 93A, §2.

34. Plaintiff has suffered damages as a result of MRS's conduct including but not limited to, being subjected to unlicensed debt collection, humiliation, embarrassment, stress, and costs and

attorney's fees expended in enforcing her legal rights.

35. The failure to comply with the Banking Commissioner's regulations, the provisions of M.G.L. c. 93, §49, or the license and bonding requirements of M.G.L. c. 93, §§24-28, constitute a *per se* violation of M.G.L. c. 93A, §2, as well as a criminal offense punishable by a fine of not more than five hundred dollars or by imprisonment for not more than three months, or both. M.G.L. c. 93, §28.

36. As a result of the above violations of state law, MRS is liable to Plaintiff in the sum of her actual damages, doubled or trebled, statutory damages, and attorney's fees and costs.

### COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681b(f)

37. The Plaintiff realleges and incorporates the preceding paragraphs as if fully set out herein.

38. MRS has pulled Ms. Odion Esene's credit report despite having no permissible purpose to do so now since there is no debt owed.

39. On April 22, 2020 MRS reviewed Ms. Odion Esene's Trans Union credit report for the stated purpose of an account review.

40. Since Ms. Odion Esene's account had been long ago paid off, there was no permissible purpose for this review.

41. Reviewing Ms. Odion Esene's credit report without a permissible purpose violated 15 U.S.C. §1681b(f).

42. As a result of the conduct, actions and inactions of MRS, the Plaintiff suffered actual damages including, without limitation, reduction in her credit score, a serious breach of her privacy, frustration, and emotional distress and has had her most personal credit information compromised.

43. Plaintiff has suffered a concrete injury in fact that is directly traceable to MRS's conduct and is likely to be redressed by a favorable decision in this action.

44.     MRS's conduct, action and inaction were willful, rendering MRS liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, MRS was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

45.     The Plaintiff is entitled to recover actual damages, punitive damages, statutory damages, costs and attorney's fees from MRS in an amount to be determined by the Court pursuant to 15 U.S.C. §§1681n and o.

WHEREFORE, Plaintiff demands judgment for actual, statutory, and punitive damages against MRS; for her attorneys' fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

**TRIAL BY JURY IS DEMANDED**.

Respectfully submitted,

**Sarah Odion Esene,**
By her attorney:

/s/Elizabeth A. Miller
Elizabeth A. Miller
BBO #559347
176 Federal Street
5th Floor
Boston, MA 02110
617-478-4914
elizabethamiller@comcast.net

Date:  October 15, 2020